# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:08-CV-6

| | |
|---|---|
| PAMELA L. MILLER, ) | |
| ) | |
| *Pro se* Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| DARLENE JACKSON, ) | |
| And WAL-MART ) | |
| ) | |
| Defendants. ) | |

This cause is before the Court on Defendant Jackson's Motion to Dismiss (Doc. # 10), Plaintiff's Response (Doc. # 13), and Defendant's Reply (Doc. # 14). This matter is now ripe for disposition.

## I. Background

On January 28, 2008, *pro se* Plaintiff Pamela L. Miller filed this action alleging discriminatory discharge from her employment on February 18, 2007 from Wal-Mart Store # 1662 ("Wal-Mart") located in Iredell County, NC. Plaintiff's sole claim revolves around her alleged discriminatory discharge based upon her race and sex pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). *See* Complaint, ¶ 6.

Defendant Jackson filed this motion on March 26, 2008. The Plaintiff's response was due on April 14, 2008, and she failed to respond. Relying upon the principles of fairness afforded *pro se* plaintiffs noted in Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1974), this Court filed an Order on May 19, 2008 directing the Plaintiff to respond within thirty days, and to show cause why the

1

motion should not be granted. The Plaintiff filed her Response on June 4, 2008, and Defendant filed her Reply on June 6, 2008.

## II. Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that "failure to state a claim upon which relief can be granted" will result in dismissal of a claim with prejudice. Fed. R. Civ. P. 12(b)(6). This Court must construe the plaintiff's allegations as true, and view the complaint in the light most favorable to the plaintiff. Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint should not be dismissed unless the plaintiff can furnish no set of facts entitling her to relief. Id. Additionally, a court must dismiss a claim where, as a matter of law, such a claim does not exist so as to grant the plaintiff relief. Hishon v. King & Spalding, 467 U.S. 69, 74 (1984).

## III. Analysis

Roseboro instructs this Court to give leniency to plaintiffs commencing civil actions without legal representation. Here, the plaintiff filed this action without an attorney. The Fourth Circuit has held that prior to dismissing a *pro se* plaintiff's suit, fair notice of the dismissal rules "as a bare minimum" shall be provided to the plaintiff, and notice must be adequate so that someone in the plaintiff's position comprehends it. Roseboro, 528 F.2d at 310. On May 18, 2008, this Court extended the Plaintiff's time to respond by thirty days. The Plaintiff responded on June 4, 2008, and Defendant Jackson replied two days later.

Defendant Jackson, an assistant manager for Co-defendant Wal-Mart, seeks to dismiss the Title VII claim alleged against her. In Counts One and Two, Plaintiff alleges Title VII violations against both defendants based upon the Plaintiff's race and gender resulting in her termination from employment at Wal-Mart. Specifically, Plaintiff alleges that on one occasion a male co-worker used

his employee discount card to purchase the Plaintiff a computer, and that she was discharged but her male co-worker was not. *See* Complaint, ¶ 1. Plaintiff further alleges that one other occasion a white co-worker used her employee discount card for her cousin who did not work for Wal-Mart, and was not terminated. *See* id., at ¶ D. Plaintiff asks this Court to grant her relief in the form an apology from Defendant Jackson, and also a removal of her name from the "No Rehire" list. *See* id. This court accepts these facts as true, and views them in the light most favorable to the Plaintiff.

Title VII provides a remedy to employees against their employers for workplace discrimination. *See* Lissau v. S. Food Serv. Inc., 159 F.3d 177, 180 (4th Cir. 1998). The Fourth Circuit has held that Title VII does not provide a cause of action against individuals in a managerial or supervisory capacity for alleged discrimination. *See* Id. at 181. Defendant Jackson is an assistant manager with Wal-Mart. Defendant Jackson was responsible for terminating the Plaintiff from her employment, and subsequently placing her on the "No Rehire" list. Defendant Jackson's two decisions concerning the Plaintiff's current and future employment status with Wal-Mart are consistent with activities undertaken in a managerial capacity. Defendant Jackson's status as an assistant manager with Wal-Mart, and not the Plaintiff's employer, places her within the parameters of Lissau. Even taking the facts alleged in the light most favorable to the plaintiff - the non-moving party - it is apparent Defendant Jackson acted in a managerial or supervisory capacity at the Wal-Mart store in Statesville, NC. *See* Complaint, ¶¶ E & F. Thus, Defendant Jackson's motion must be granted for the Plaintiff's failure to state a proper legal claim.

### IV. Order

For the reasons stated herein, Defendant Jackson's 12(b)(6) Motion to Dismiss for Plaintiff's failure to state a proper legal claim is granted.

**IT IS, THEREFORE, ORDERED THAT:**

Defendant Jackson's Motion to Dismiss Plaintiff's Complaint is **GRANTED.**

Signed: July 29, 2008

Richard L. Voorhees
United States District Judge